**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**June 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH LOPEZ; FELIX VARGAS,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-86-1-AML

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elizabeth Lopez and Felix Vargas appeal their convictions for possession of five or more kilograms of cocaine with intent to distribute and importation of five or more kilograms of cocaine into the United States. Lopez and Vargas were arrested after a checkpoint inspection uncovered 8.81 kilograms of cocaine hidden in the van in which Lopez and Vargas were traveling. Finding no error as to either defendant, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez contends that the testimony of Jacky Gomez concerning conversations that he had with Vargas during which Vargas admitted facts surrounding the offense violated her Sixth Amendment right to confront witnesses pursuant to Bruton v. United States, 391 U.S. 123 (1968). As Lopez did not object to the admission of the allegedly improper testimony, review is for plain error. See United States v. Cartwright, 6 F.3d 294, 300 (5th Cir. 1993). The statements made by Gomez did not facially implicate Lopez. Thus, Bruton is inapplicable. See United States v. Walker, 148 F.3d 518, 522 (5th Cir. 1998).

Moreover, there was significant evidence from which the jury could infer that Lopez was an active participant in the operation, including her admitted use of false addresses to obtain a Georgia driver's license and to register and insure two different vehicles, which she then drove from Georgia to Mexico; her implausible explanation regarding the circumstances of both trips to Mexico; the inconsistent statements she gave to agents at Eagle Pass; her demeanor during the inspection; and the large quantity of drugs found in the van. See, e.g., United States v. Villarreal, 324 F.3d 319, 325 (5th Cir. 2003). Given the ample evidence supporting the verdict, any Bruton violation would have been at most harmless error. See United States v. Nutall, 180 F.3d 182, 188 (5th Cir. 1999).

Vargas argues first that the district court violated his Sixth Amendment right of confrontation by not allowing him to ask

Gomez what his attorney told him he could expect his punishment to be without an agreement to cooperate. We review the district court's limits on cross-examination for abuse of discretion. United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993). Vargas was able to elicit from Gomez that he had entered into a plea agreement with the Government and that, under the agreement, he could receive a reduced sentence in exchange for testifying. The jury heard ample testimony to allow it to infer that Gomez was biased. Accordingly, there was no Sixth Amendment violation or abuse of discretion. See id.

Finally, Vargas complains that the district court's deliberate ignorance instruction was improper because it was appropriate only as to Lopez but did not exclude the possibility that the jury would apply it to him. The parties dispute whether Vargas preserved this objection. However, even under a harmless error standard, Vargas's claim is without merit.

The district court's charge was a correct statement of the law. See United States v. Reissig, 186 F.3d 617, 619 (5th Cir. 1999). Further, there was substantial evidence of Vargas's actual knowledge, including the testimony of Gomez as well as the evidence of Vargas's demeanor and actions during the inspection. Even if the charge was incorrect, any error was harmless. See United States v. Mendoz-Mendina, 346 F.3d 121, 134-35 (5th Cir. 2003).

3

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.